ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeals of -- ) | |
| ) | |
| The Boeing Company ) | ASBCA Nos. 58030, 58593, 58594 |
| ) | 58660, 59212, 59220 |
| ) | 59813, 60376, 60403 |
| ) | 60411, 60522, 60736 |
| ) | |
| Under Contract No. 000000-00-0-0000 *et al.* ) | |

APPEARANCE FOR THE APPELLANT:     Seth H. Locke, Esq.
                                  Perkins Coie
                                  Washington, DC

APPEARANCES FOR THE GOVERNMENT:   Arthur M. Taylor, Esq.
                                    DCMA Deputy Chief Trial Attorney
                                  Lawrence S. Rabyne, Esq.
                                    Trial Attorney
                                    Defense Contract Management Agency
                                    Arlington Heights, IL
                                  Robert L. Duecaster, Esq.
                                  Kara M. Klaas, Esq.
                                    Trial Attorneys
                                    Defense Contract Management Agency
                                    Chantilly, VA

OPINION BY ADMINISTRATIVE JUDGE NEWSOM ON
APPELLANT'S MOTION FOR RECONSIDERATION

Boeing seeks reconsideration of the Board's May 23, 2018 decision denying its motion to suspend these 12 Boeing appeals, or in the alternative to dismiss them without prejudice.[1] *The Boeing Company*, ASBCA No. 58030 *et al.*, 18-1 BCA ¶ 37,067. The motion for reconsideration is denied.

Boeing also requests that the Board's Senior Deciding Group consider its motion for reconsideration. Under the Board's rules, the Chairman may refer an appeal to the Senior Deciding Group if the appeal is of unusual difficulty, of significant precedential importance, or if the appeal has occasioned serious dispute within the normal division decision process. ASBCA Rules, Preface, Part II(c), 48 C.F.R. Chapter 2, App'x A, Part 2. The Chairman has reviewed Boeing's motion and,

---

[1] The government declined to respond to either motion (gov't ltr. dtd. July 9, 2018).

as the decision does not meet the aforementioned criteria, declines to refer the matter to the Senior Deciding Group.

Reconsideration might be appropriate if the request "is based upon newly discovered evidence, mistakes in the findings of fact, or errors of law." *Green Valley Co.,* ASBCA No. 61275, 18-1 BCA ¶ 37,044; *Alliance Roofing & Sheet Metal, Inc.,* ASBCA No. 59663, 15-1 BCA ¶ 36,063. Reconsideration is not intended to "provide a party with the opportunity to reargue its position." *Robinson Quality Constructors,* ASBCA No. 55784, 09-2 BCA ¶ 34,171 at 168,911.

Boeing principally contends that the Board imposed an improper, "heightened" legal standard that Boeing asserts is applicable only to "contested" motions for suspension or dismissal under Board Rule 18, rather than what Boeing assumes is a more-relaxed legal standard applicable to uncontested motions (app. mot. at 3).

Boeing is incorrect. Rule 18, by its plain terms, does not create different legal standards depending upon whether a motion is, or is not, contested. The Rule allows the Board to grant a stay or dismissal without prejudice on a showing of "good cause." The Rule contains no different standard for uncontested motions. We applied exactly that "good cause" standard in rejecting Boeing's motion. *See Boeing,* 18-1 BCA ¶ 37,067 at 180,426-28.

Board case law also does not create a different standard for contested motions. Rather, we make case-by-case judgments as to whether good cause exists, based upon many factors. *Public Warehousing Company,* ASBCA No. 56116, 08-1 BCA ¶ 33,787 at 167,227-29; *Kellogg Brown & Root Services, Inc.,* ASBCA No. 56358, 11-1 BCA ¶ 34,614 at 170,603-05. The relative weight ascribed to these factors varies from case to case, but the standard for evaluating the stay request – good cause – remains the same. The Board in its discretion typically considers the impact on the non-moving party, but we are aware of no authority – and Boeing cites none – requiring the Board to grant a stay request, simply because the motion is uncontested. To the contrary, no party has a *per se* right to a stay or dismissal at the Board. *WEDJ/Three C's, Inc.,* ASBCA Nos. 53747, 53756, 05-2 BCA ¶ 33,070 at 163,896.

Here, Boeing's justification for a stay/dismissal was so unpersuasive and lacking in merit that the absence of prejudice to the government could not salvage it, even if the standard were relaxed. We explained the flaws in Boeing's motion in our decision and do not repeat them, except to emphasize two observations.

First, Boeing elides, as it has throughout, the fact that Boeing is the author of its own fortunes. Boeing chose to file these 12 appeals at the Board. Then Boeing, along with the government, chose to ask the Board to stay these appeals, repeatedly, for the last six years. As a result, these 12 appeals have not moved forward. Boeing then chose to file new cases at the Court of Federal Claims (COFC), then it chose, with

government concurrence, to request an additional stay of the Board appeals while it pursues that COFC litigation. This situation was not foisted on the parties; is not "the extraordinary result of an unusual combination of circumstances," as Boeing puts it (app. mot. at 7). The present situation is the result of the parties' strategic choices. In these circumstances, it was a tall order for Boeing to persuade us that it should not have to litigate appeals that Boeing itself chose to file, and unsurprising that it failed to do so.

Second, Boeing's argument rests on a prediction that a possible future decision from the Federal Circuit, on appeal from a possible future COFC decision, will make it easier to resolve these Board appeals (app. mot. at 7). The parties have consistently predicted that future decisions in other cases would resolve these appeals, and they have consistently been wrong.[2] *See Boeing*, 18-1 BCA ¶ 37,067 at 180,424, SOF ¶¶ 7-11. We are no longer willing to accept their predictions.

Indeed, little if anything would be gained by a stay. A Federal Circuit decision on the *one issue* common to the COFC cases and the Board appeals – Cost Impact Aggregation – will not significantly accelerate resolution of these appeals. As our decision explains, each Board appeal presents issues other than Cost Impact Aggregation. *Boeing*, 18-1 BCA ¶ 37,067 at 180,424, SOF ¶ 3. If the Federal Circuit eventually rules, then discovery and other proceedings at the Board will still be necessary to resolve the remaining issues. If we stay these appeals, by the time the Federal Circuit rules (if it does rule), the appeals will be even older than they are now. Instead of the oldest appeals starting discovery after 6 years of waiting (as now), they may be 8, 9, or possibly 10 years old when they finally commence discovery. If we stay these appeals but no Federal Circuit decision is issued on the merits, the delay will have been pointless. Moreover the Board will not carry inactive appeals on the active docket for an indefinite period of time.

Boeing's remaining bases for reconsideration reflect mere disagreement with the Board's conclusions and thus do not warrant reconsideration.

---

[2] Boeing asserts that a Federal Circuit appeal is "certain" because both parties have "unequivocally" stated their intention to appeal from an adverse COFC decision (app. mot. at 17). This assertion is not correct. The transcript portions to which Boeing cites contain no such "unequivocal" commitment, and Boeing's characterization is contradicted by the fact that only the Solicitor General (SG) may authorize a government appeal. 28 C.F.R. § 0.20(b). Not surprisingly, the SG has not authorized the government to appeal, as there is no COFC decision yet from which an appeal could be taken (gov't ltr. dtd. July 12, 2018).

## CONCLUSION

The motion for reconsideration is denied.

Dated: August 20, 2018

ELIZABETH W. NEWSOM
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

OWEN C. WILSON
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA Nos. 58030, 58593, 58594, 58660, 59212, 59220, 59813, 60376, 60403, 60411, 60522, 60736, Appeals of The Boeing Company, rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals

4